UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>            Petitioner,<br><br>     v.<br><br>KEN CLARK,<br><br>            Respondent. | No.  2:22-cv-0066 AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed a first amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 14.

I.     Petition

Petitioner challenges his 2019 conviction on five counts of indecent exposure for which he was assessed fines of $500 for each count for a total of $2,500 and required to register as a sex offender.  ECF No. 14 at 1.

II.    Discussion

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) requires the court to summarily dismiss a habeas petition, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  As set forth below, the petition fails to state any cognizable claim for relief and appears to be unexhausted.

The Ninth Circuit has "repeatedly recognized that the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements." Bailey v. Hill, 599 F.3d 976, 982 (9th Cir. 2010). Similarly, the requirement that petitioner register as a sex offender does not meet the "in custody" requirement to confer habeas jurisdiction. Williamson v. Gregoire, 151 F.3d 1180, 1184-85 (9th Cir. 1998). Because petitioner is not "in custody" as a result of the conviction at issue, his claims are not cognizable and must be dismissed.[1]

Furthermore, petitioner represents that he has only appealed the judgment to the superior court's appellate division (ECF No. 14 at 2) and the petition is therefore unexhausted on its face and should be dismissed.[2] 28 U.S.C. § 2254(b)(1) (a petition for writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process" or circumstances render the process ineffective); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (the exhaustion requirement is met by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court).

III.     Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case. Therefore, no certificate of appealability should issue.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

---

[1] The original petition explicitly stated that "[t]he trial court did not impose any further commitment time." ECF No. 1 at 1-2.

[2] A search of the California Supreme Court's website also shows that petitioner has not filed a petition in that court since 2002, further indicating that he has not presented the instant claims to that court.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 11, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed; and

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 11, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE